UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL HELMKA,

               Petitioner,               Case Number 09-12670
                                                       Honorable David M. Lawson

v.

MICHAEL CURLEY,

               Respondent,
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Paul Helmka, a Michigan prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. The petitioner pleaded guilty in the Shiawassee County, Michigan circuit court to two counts of second-degree criminal sexual conduct and was sentenced to concurrent terms of one hundred months to fifteen years in prison. The petitioner alleges that he was deprived of the right to effective assistance of appellate counsel, he is entitled to sentencing credits against his current sentence due to the failure of the police to diligently pursue their investigation, improper interviewing techniques were used when conducting the interviews with the minor victims in this case, the petitioner's confession was coerced and obtained in violation of his right to counsel, the trial court incorrectly scored his sentencing guidelines by using factors which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner, and the state courts lacked subject matter jurisdiction because the criminal sexual conduct statute that petitioner had been convicted of had been enacted in violation of the Michigan Constitution. The respondent filed a motion to dismiss, contending that the petition is untimely under the one-year statute of limitations applicable to federal

-1-

habeas actions. *See* 28 U.S.C. § 2244(d)(1). The petitioner filed an answer to the motion. The Court concludes that the petition is untimely and that the late petition cannot be saved by the doctrine of equitable tolling. The Court, therefore, will grant the motion to dismiss and dismiss the petition.

I.

The petitioner pleaded guilty to two counts of second-degree criminal sexual conduct, in exchange for the dismissal of a first-degree criminal sexual conduct charge. On May 17, 2004, the petitioner was sentenced to concurrent sentences of one hundred months to fifteen years in prison. His application for leave to appeal was denied by the Michigan Court of Appeals. *People v. Helmka,* No. 267828 (Mich. Ct. App. Feb. 24, 2006). On July 31, 2006, the Michigan Supreme Court denied leave to appeal. *People v. Helmka,* 476 Mich. 859, 718 N.W.2d 360 (2006).

On July 26, 2007, the petitioner filed a petition for writ of habeas corpus in this Court, but the Court dismissed it on August 10, 2007 because the petitioner did not identify any grounds for relief. . *Helmka v. Howe,* No. 07-13217, 2007 WL 2318712 (E.D. Mich. Aug. 10, 2007). The present petition was signed and dated July 2, 2009, which the Court takes as the filing date. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (holding that under the prison mailbox rule, a pleading "is deemed filed when the inmate gives the document to prison officials to be mailed" (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988))).

II.

The respondent has filed his motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss based on the expiration of the statute of limitations is analyzed under Rule 12(b)(6)." *Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492, 501 (E.D. Va. 2002). "Like

other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted 'when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief.'" *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (quoting *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975)); *see also Berry v. Chrysler Corp.*, 150 F.2d 1002, 1003 (6th Cir. 1945) (stating that "[t]he defense of the statute of limitations is covered by [Rule 12(b)](6), and therefore is properly raised by motion"). "What that means in the statute of limitations context is that dismissal is appropriate only if a [petition] clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for the habeas application in this case because the petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by that section must be dismissed. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765-66 (E.D. Mich. 2002).

The Michigan Supreme Court denied the petitioner's direct appeal on July 31, 2006. His conviction became final 90 days later, on or about October 29, 2006. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009); S. Ct. R. 13(1). Therefore, the petitioner was required to file his habeas petition on or before October 29, 2007, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

When the petitioner filed his first habeas petition in this Court on July 26, 2007, 271 days had elapsed on the one-year limitations period. That petition did not stop the clock, however, because a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one-year statute of limitations for habeas cases found in 28 U.S.C. § 2244(d)(1). *Duncan v. Walker*, 533 U.S. 167, 181 (2001). The possibility remains that the time between the dismissal of that petition on August 10, 2007 and the date the present petition was filed could be excluded from the limitations period as "a matter of equity." *Id.* at 183. (Stevens, J., concurring).

But even if the Court excluded that time period, the clock will have run out on the petitioner's habeas filing deadline under 28 U.S.C. § 2244(d)(1). Two hundred seventy-one days had already elapsed on the one-year limitations period before he filed his first petition. Therefore,

the petitioner had 94 days remaining following the dismissal of his first habeas petition on August 10, 2007; he had until November 12, 2007 to submit a new petition to the federal courts. He did not do so until over one year later on July 2, 2009. Therefore, the petition is untimely.

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). But the Supreme Court has cautioned that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's controls." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 -750 (6th Cir. 2011) ("With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit.").

The petitioner is not entitled to equitable tolling. He waited almost two years following the dismissal of his first habeas petition on August 10, 2007 before filing his current petition on July 2, 2009. That unexplained gap in time precludes him from establishing reasonable diligence in pursuing his rights. *See e.g. Warren v. Garvin,* 219 F.3d 111, 113-14 (2d Cir. 2000) (holding that a habeas petitioner failed to exhibit reasonable diligence in one-year-eight-month interval between

the dismissal of his first petition and filing his second petition, during which he decided not to pursue his additional claims in state court).

Nor has the petitioner identified any extraordinary circumstances that prevented hiM from complying with section 2244(d)(1). In his reply to the motion to dismiss, the petitioner states that when he filed his first habeas petition in this Court, he "was unsure as to what to do and was in the process of learning the Rules on how to file." Response Br. at 3. But an inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance that would toll the statute of limitations. *Wilson,* 192 F. Supp. 2d at 766. Nor does ignorance of the law justify equitable tolling. *See Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002).

In his reply to the motion to dismiss, the petitioner notes that the respondent failed to address the merits of his claims, relying instead on the statute of limitations defense. That does not matter. The petitioner must comply with the AEDPA's statute of limitations before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F.3d 506, 518-19 (3rd Cir. 2002). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

The petitioner also argues that the AEDPA's one-year statute of limitations is inapplicable to his case because the state lacked subject matter jurisdiction over his case due to the unconstitutionality of the criminal statute under which he was convicted. He says that the criminal sexual conduct statute was enacted in violation of Michigan's Constitution of 1963, Article IV, §§

18, 24, 25, and 26. That does not matter, either. The fact that there may be a jurisdictional defect in petitioner's conviction because of the allegedly improper enactment of the criminal sexual conduct statute would not mean that the limitations period contained in § 2244(d) is inapplicable to his conviction. In *Frazier v. Moore,* 252 F. App'x 1 (6th Cir. 2007), the court rejected a similar argument because an attack on the state court's jurisdiction is still an attack on the "judgment of the State court" referenced in section 2244(d)(1); nothing in the text of that statute "requires that the judgment be valid under state or federal law"; and "the validity of a judgment as a matter of state law is for the state to determine." *Id.* at 5-6; *see also Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (holding that a jurisdictional challenge was not exempt from the one-year limitations period for filing motion to vacate sentence pursuant to 28 U.S.C. § 2255). The same applies here.

As a related argument, petitioner argues that his petition is not untimely because new evidence on the issue of the state court's subject matter jurisdiction over his criminal charges did not become available to him until July of 2009. It is true that the AEDPA's one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. 28 U.S.C. § 2244(d)(1)(D); *Ali v. Tenn. Bd. of Pardon and Paroles,* 431 F.3d 896, 898 (6th Cir. 2005). However, the time starts to run under section 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003). A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in

searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 F. App'x 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)).

The petitioner's argument here fails because he has not specified the nature of the new evidence that he needed to pursue his subject matter jurisdiction claim. He has not offered any explanation how the factual predicate of his subject matter jurisdiction claim — whatever it is — could not have been discovered earlier, nor does he indicate what steps, if any, he took to discover the factual basis for this claim. Because the petitioner has failed to establish "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," he does not carry his burden of establishing that there is newly-discovered evidence that would delay the commencement of the one year limitations period. *See e.g. McSwain v. Davis*, 287 F. App'x 450, 454-55 (6th Cir. 2008).

Moreover, the Michigan Court of Appeals rejected the same constitutional challenge to Michigan's criminal sexual conduct statutes in 1982, when it held that the criminal sexual conduct statutes were not rendered unconstitutional, even though they were enacted as a substitute bill that was not in the possession of the state senate for five days before the Senate concurrence and was not read before the senate three times in its substitute form. *People v. Clopton,* 117 Mich. App. 673, 324 N.W.2d 128 (1982). There is no substance to the petitioner's argument that his petition was delayed because he had not discovered the facts to support his claims.

Finally, the Sixth Circuit also has held that a credible claim of actual innocence may equitably toll the one-year limitations period. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1190 (E.D. Mich 2001). As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that,

'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The petitioner makes no such showing. It fact, he pleaded guilty to the charges against him and his plea was supported by his own statement of the facts. The unlikely prospect here of actual innocence does not warrant equitable tolling.

The petitioner also has filed a motion for oral argument. The Court finds that the motion papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion to dismiss. *See* E.D. Mich. LR 7.1(f)(2).

III.

The Court concludes that the petitioner did not file his application for a writ of habeas corpus within the one-year limitations period established by 28 U.S.C. § 2244(d). The Court also concludes that the petitioner has not established that he is entitled to statutory or equitable tolling of the limitations period.

Accordingly, it is **ORDERED** that respondent's motion to dismiss [dkt # 10] is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 24, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL